## In re B.J.C., Juvenile

[540 A.2d 1047]

No. 85-543

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed January 8, 1988

*Jeffrey L. Amestoy,* Attorney General, Montpelier, *Michael O. Duane,* Assistant Attorney General, and *Barbara L. Crippen,* Legal Intern, Waterbury, for Plaintiff-Appellee.

*Harley G. Brown III,* Richmond, for Defendant-Appellant.

*Saxer, Anderson & Wolinsky,* Burlington, for Defendant-Appellee.

**Peck, J.** The mother of B.J.C. appeals a juvenile court order transferring legal custody and guardianship of the child to the Department of Social and Rehabilitation Services (SRS). The sole issue on appeal is whether the District Court of Vermont, sitting as a juvenile court, has subject matter jurisdiction over a nonresident child brought into the state under exigent circumstances. We affirm.

In June of 1985, a relative of B.J.C. received a call from the child's half-brother requesting that she remove the child from the mother's home in Connecticut because of an abusive situation. The relative, a resident of Milton, brought the child, now 11, to

Vermont and immediately had her examined by a doctor, who confirmed the report of abuse. She then initiated proceedings pursuant to the Juvenile Proceedings Act, 33 V.S.A. § 631 et seq. (JPA). After an emergency detention hearing, temporary custody of B.J.C. was transferred to SRS.

Prior to the hearing on the merits, the mother of B.J.C. filed a motion to dismiss the proceedings for lack of jurisdiction. The court denied the motion, ruling that it had jurisdiction under either the JPA or the Uniform Child Custody Jurisdiction Act, 15 V.S.A. § 1031 et seq. (UCCJA). This appeal followed.

On appeal, appellant objects solely to the court's acting pursuant to the UCCJA. However, the court assumed jurisdiction on alternate grounds, citing both the UCCJA and the JPA. We find that the JPA confers jurisdiction over this case.

The jurisdictional grant under the JPA is broad. 33 V.S.A. § 633(a) provides:

> The juvenile court shall have exclusive jurisdiction over *all proceedings* concerning *any child* who is or is alleged to be . . . *a child in need of care or supervision* brought under the authority of this chapter . . . (emphasis added).

The facts here fully satisfy the jurisdictional requirements. B.J.C., who is under eighteen, is a "child" as defined by 33 V.S.A. § 632(a)(1). She was alleged, through affidavits, to be "a child in need of care or supervision," which means a child who:

> (A) Has been abandoned or abused by his parents, guardian or other custodian; or
> (B) Is without proper parental care or subsistence, education, medical, or other care necessary for his well-being.

33 V.S.A. § 632(a)(12)(A), (B). In addition, the proceedings initiated by her half-sister were brought under the authority of this chapter.

A statute providing for the identification of neglected children shall be liberally construed so as to aid the purpose of its enactment. *In re N.H.*, 135 Vt. 230, 234, 373 A.2d 851, 855 (1977). The primary purpose of the JPA is "to provide for the care, protection and wholesome moral, mental and physical development of children coming within the provisions of this chapter." 33 V.S.A. § 631(a)(1). To ensure implementation of this far-reaching purpose, the legislature, empowered with the long-recognized doctrine of

parens patriae, fashioned a broad jurisdictional grant. In so construing, we merely follow the fundamental rule of statutory construction of ascertaining and giving effect to the intent of the legislature. *In re G.F.*, 142 Vt. 273, 279, 455 A.2d 805, 808 (1982).

We note that the JPA contains no express jurisdictional limitation such as the requirement of residency found in the divorce statutes. Cf. 15 V.S.A. § 592. Any restriction of this kind would frustrate the aim of the Act, which has as its foremost goal the protection of children. *In re N.H.*, 135 Vt. at 234, 373 A.2d at 855. Finally, we note the general rule in other states that jurisdiction of a proceeding involving the commitment or control of a delinquent or neglected child is dependent on the presence of the child within the jurisdiction, regardless of his place of residence or that of his parents. E.g., *In re Gonzales*, 25 Ill. App. 3d 136, 143, 323 N.E.2d 42, 47 (1975).

Although the JPA confers broad jurisdiction in cases of abuse and neglect, in most instances involving interstate disputes the UCCJA will operate to require this state to decline to exercise jurisdiction in deference to the other state involved where the latter is the home state of the child or if the other state has jurisdiction over the matter and is the more appropriate forum. 15 V.S.A. §§ 1032(a); 1036. 15 V.S.A. § 1031(3) makes it clear that the UCCJA applies to child neglect and dependency proceedings. While the UCCJA confers jurisdiction where "the child is physically present in this state and . . . it is necessary in an emergency to protect the child because he has been subjected to . . . abuse or is otherwise neglected," 15 V.S.A. § 1032(a)(3)(B), this only confers jurisdiction for a court to enter temporary protective custody orders. See *E.P.* v. *District Court of Garfield County*, 696 P.2d 254, 262 (Colo. 1985).

Vermont may nevertheless retain jurisdiction under the UCCJA if the child and her parents (or a contestant) have a "significant connection with this state" *and* there is "substantial evidence concerning the child's present or future care . . . ." 15 V.S.A. § 1032(a)(2). Vermont may also retain jurisdiction if no other state would have jurisdiction under the UCCJA, or the other state has "declined to exercise jurisdiction . . . and it is in the best interest of the child that this court assume jurisdiction." 15 V.S.A. § 1032(a)(4). See *Peloso* v. *Botkin*, 144 Vt. 461, 464-65, 479 A.2d 156, 157 (1984).

In this case we find that the UCCJA does not require Vermont to decline to exercise jurisdiction since at the time it exercised jurisdiction it had jurisdiction pursuant to 15 V.S.A. §1031(3), and the State of Connecticut has since declined jurisdiction in this matter and has dismissed appellant's petition for requisition of the juvenile and custody review. See *id.* at 464, 479 A.2d at 157; 15 V.S.A. § 1032(a)(4).

Accordingly, we hold that the district court properly assumed jurisdiction under the JPA, and we affirm its denial of the motion to dismiss.

*Affirmed.*